IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTINA JACOBS,

      **Plaintiff,**

v.                                                 Civil Action No. 5:14cv4
                                                          (Judge Stamp)

UNITED STATES OF AMERICA,

      **Defendant.**

### MEMORANDUM AND ORDER TRANSFERRING CASE

On August 15, 2013, the *pro se* plaintiff, an inmate presently incarcerated at Waseca FCI in Waseca, Minnesota, initiated this action in the Northern District of Florida against the above-named defendant by filing a civil rights complaint pursuant to 28 U.S.C. §1331 or §1346 against the United States. In addition to the United States, the plaintiff also listed two other potential defendants, E. Abad, and Ivan Negron. Along with her complaint, she filed a motion for leave to proceed *in forma pauperis* ("IFP").

In the complaint, the plaintiff asserts medical negligence claims against two BOP medical providers, Mid-Level Practitioner ("MLP") Eden Abad and Dr. Ivan Negron, for acts and omissions committed while she was incarcerated at FCI Marianna in Marianna, Florida. By Order entered January 10, 2014 in the Northern District of Florida, the case was transferred to this district. For the reasons set forth below, the Court finds that the transfer was improper, that this Court may not proceed to the merits of the plaintiff's claims, and that the case should be transferred back to the Northern District of Florida.

# I. Background

Plaintiff alleges that on an unknown date in May, 2010, while incarcerated at SFF Hazelton, in Bruceton Mills, in the Northern District of West Virginia, she injured her right lower leg in a step aerobics class. (Dkt.# 25-1 at 1). Approximately a month or more later, on June 24, 2010, she went to sick call and was seen by one Alicia Wilson, a physician's assistant ("PA") (id.). Wilson examined Jacobs' leg and noted that there was no visible injury, but because plaintiff winced with pain when the front of her leg was palpated, Wilson concluded it was "probable tendonitis." (id.). Wilson asked Jacobs what was wrong with her leg, Jacobs reported that she had injured it doing step aerobics; it was very painful; and that the pain increased when she walked on it. (Dkt.# 25-1 at 2). Wilson prescribed medication and issued a medical restriction for plaintiff. Jacobs was transferred away from SFF Hazelton on or about July 8, 2012. (id.).

On July 14, 2010, plaintiff arrived at FCI Marianna, in Marianna, Florida, in the Northern District of Florida. (id.). She alleges that during her initial intake there, she notified medical staff that she had severe pain in her lower right leg (id.). In great detail not repeated here,[1] she alleges that between her July 14, 2010 arrival and her December 14, 2011 transfer away from FCI Marianna, MLP Eden Abad and Dr. Negron negligently treated, or failed to treat her pre-existing right lower leg step-aerobics injury.

On August 21, 2012, in the Northern District of West Virginia, plaintiff filed a Bivens action against Alicia Wilson, the PA who treated her at SFF Hazelton, alleging deliberate indifference to her serious medical needs, arising out of treatment received for her May, 2010

---

[1] The plaintiff attaches a very detailed, nine-page, type-written single-spaced chronology, the same or very similar chronology that she has attached to each case she has brought alleging claims regarding treatment of this same step-aerobics injury to her right leg. See Dkt.# 1 at 10 – 22.

right leg step aerobics injury while incarcerated at SFF Hazelton.[2] While that case was still pending, on June 3, 2013, plaintiff also filed a FTCA action in the Northern District of West Virginia, alleging that Alicia Wilson, PA was negligent in treating her May, 2010 right lower leg step-aerobics injury while she was incarcerated at SFF Hazelton.[3]

On November 6, 2012, in the Northern District of Florida, plaintiff filed another Bivens action, alleging deliberate indifference to her serious medical needs, arising out of treatment received while she was incarcerated at FCI Marianna over the same May, 2010 right lower leg step aerobics injury, this time naming MLP Eden Abad and Dr. Ivan Negron as defendants.[4] While that case was still pending, on August 15, 2013, she filed the instant FTCA action in the Northern District of Florida, alleging that MLP Eden Abad and Dr. Ivan Negron negligently treated her May, 2010 right lower leg step aerobics injury while she was incarcerated at FCI Marianna. Specifically, she alleges that MLP Abad was negligent for (1) failing to provide an orthotic device to shift weight off her injured leg, (2) failing to prescribe an effective pain medication that was compatible with other medications she was taking, and (3) failing to refer her to an orthopedic specialist (Dkt.# 25 at 10 and Dkt.# 25-1 at 10). Jacobs claims that Dr. Negron was negligent for (1) failing to accurately read her medical records, including an x-ray, (2) prematurely removing her medical restrictions; (3) failing to order additional tests to determine the full extent of the injury, and (3) failing to refer her to an orthopedic specialist (Dkt.# 25 at 8 and Dkt.# 25-1 at 4).

---

[2] See Jacobs v. Wilson, N.D. W.Va. 1:12cv131, dismissed on December 9, 2013 for failure to exhaust.

[3] See Jacobs v. USA, N.D. W.Va. 5:13cv69, dismissed on April 14, 2014 for failure to state claim upon which relief could be granted.   Aff'd. (14-6676) (4th Cir. Sept. 30, 2014).

[4] See Jacobs v. Abad, N.D. Fla. 5:12cv363, dismissed on February 25, 2014 for failure to state a claim.

As a result of the alleged negligence of Abad and Negron, plaintiff contends that she still suffers from the following:

> [p]hysical pain of being forced to heal without proper diagnoses regarding (r) leg; physical pain in her spine, with pain prominent in the lower (r) side, around the hip area; tingling and pinprick feelings in the bottom of her (r) foot; feeling of being off balance with the (l) knee/leg being favored over the injured (r) knee; stomach upset with symptons [sic] ranging from severe constipation to excessive diarrehea [sic], with nausea; walking with apronounced [sic] limp; mental and emotional pain and suffering, anxiety . . . loss of enjoyment of life; disfigurement; disability; future medical expenses; loss of future earning capabilities; post-traumatic arthritis in her (R) leg and back.

(Dkt.# 25 at 12 and Dkt.# 25-1 at 10).

As relief, she requests "a sum in the amount of $4,080,000.00; nominal damages in the amount of $75,000.00;"[5] as well as "reasonable attorney fees, and other associated costs." (Dkt.# 25 at 12).

On August 30, 2013 in the Northern District of Florida, the defendant filed a Motion to Dismiss or Transfer Venue. (Dkt.# 4). By Order entered on August 30, 2013, plaintiff was granted leave to proceed IFP but directed to pay an initial partial filing fee ("IPFF"). Plaintiff filed a response to the defendant's dispositive motion on September 16, 2013. (Dkt.# 9). On September 26, 2013, the plaintiff moved for an extension of time in which to pay the IPFF. (Dkt.# 10). On September 30, 2013, a Report and Recommendation ("R&R") was entered by the magistrate judge, recommending that the case be transferred to this district. (Dkt.# 11). By Order entered October 2, 2013, plaintiff's motion for an extension of time in which to pay the filing fee was held in abeyance. (Dkt.# 12). By Order Adopting the R&R, entered on January 10, 2014, the Motion to Dismiss or Transfer Venue was granted. (Dkt.# 14).

On January 13, 2014, the case was transferred to this district. (Dkt.# 16). The Clerk of Court issued a Notice of Deficiency, erroneously advising the plaintiff to provide the complete

---

[5] The plaintiff's DOJ Standard Form 95 requests only a total damage claim of $4,080,000.00. See Dkt.# 25-1 at 1.

4

names and address of the defendants; pay the filing fee, or file an application to proceed as a pauper, along with all supporting documents,[6] and to file her complaint on a court-approved form Bivens complaint, within twenty-one days. (Dkt.# 18). On January 14, 2014, the plaintiff's earlier motion for an extension of time to pay her IPFF was granted. (Dkt.# 20). That same day, further investigation of plaintiff's pleadings revealed that the plaintiff was attempting to file a Federal Tort Claim Act complaint ("FTCA") pursuant to 28 U.S.C. § 2671, *et seq.,* Accordingly, the Clerk of Court issued an Amended Notice of Deficiency, directing the plaintiff only to complete a court-approved form FTCA complaint within twenty-one days, and providing her with the appropriate form with which to do so. (Dkt.# 21). On January 27, 2014, the plaintiff filed her court-approved form FTCA complaint. (Dkt.# 25). She paid her IPFF on January 31, 2014. (Dkt.# 28).

On May 12, 2014, the plaintiff filed Motion for Entry of Default. (Dkt.# 34). She filed a Second Motion for Entry of Default on June 2, 2014. On June 23, 2014, plaintiff filed a Motion Re: Order to Answer (Dkt.# 38). On September 5, 2014, plaintiff filed a Motion to Supplement, or to Amend Medical Expert Sworn Affidavit. (Dkt.# 39). On September 15, 2014, plaintiff filed a Motion to Exceed Twenty-Five Pages (Dkt.# 40) with an attached Memorandum in Support of Plaintiff's Motion for Summary Judgment. (Dkt.# 40-1). On October 2, 2014, she filed a Second Motion to Supplement or to Amend Medical Expert Sworn Affidavit. (Dkt.# 42).

## II. The Transfer

The order of January 10, 2014 adopting the R&R of the Northern District of Florida's magistrate judge, reflects the Northern District of Florida's belief that this district was a proper transferee court under 28 U.S.C. §1404 and the "first to file" rule, in light of plaintiff's then-still-

---

[6] It appears that the Clerk overlooked the fact that an IFP Order had already been granted in the N.D. of Florida.

pending FTCA action in this district, alleging negligence by Alicia Wilson, PA in treating same right lower leg step aerobics injury at SFF Hazelton in Bruceton Mills, West Virginia.[7] Upon thorough review, however, this court has come to a contrary conclusion regarding the points of law set forth by the Northern District of Florida, at least with respect to its decision that this district was a proper transferee court.[8]

It is well-established that 28 U.S.C. §1404 provides in part: "Change of Venue: (a) For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought." However, here, the controlling venue provision is the one for federal tort claims, 28 U.S.C. §1402(b), which calls for prosecution "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

It is uncontroverted that plaintiff is not a resident of the West Virginia; was no longer incarcerated here at the time this case was filed; and that all of the acts and omissions complained of in her instant complaint were committed by BOP employees at FCI Marianna in the Northern District of Florida. Consequently, even if the plaintiff had included her present FTCA claims against the Florida BOP employees in the same complaint as the FTCA complaint

---

[7] See Jacobs v. USA, N.D. W.Va. 5:13cv69, filed on June 3, 2013 and dismissed on April 14, 2014 for the failure to state a claim upon which relief could be granted. Aff'd. (14-6676) (4th Cir. Sept. 30, 2014).

[8] In support of its decision to transfer this matter here, the Northern District of Florida relied on the venue provision of 28 U.S.C. §1404, and cases that dealt with situations in which two actions with substantially overlapping issues and parties were pending in two federal courts. See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); In re Checking Account Overdraft Litigation, 859 F. Supp. 2d 113, 1325 (S.D. Fla. 2012)(quoting Cadle v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999); and Rudolph and Me, Inc. v. Ornament Central, LLC, No. 8:11cv670-T-33EAJ, 2011 WL 3919711, at *3 (M.D. Fla. Sep. 7, 2011). None of the cases cited were FTCA actions governed by the venue provision of 28 U.S.C. §1402(b). Moreover, here, the only "overlapping" between plaintiff's earlier FTCA and the instant one, aside from the plaintiff herself, is that the original underlying injury being treated is the same. However, it is not the underlying right lower leg step-aerobics injury itself that is at issue, but rather, the acts and omissions plaintiff contends that she was subjected to afterwards, in obtaining medical care for the injury, acts and omissions that were perpetrated by different BOP employees in different judicial districts at different times.

filed in this district against Alicia Wilson, PA, a West Virginia BOP employee, venue for the claims against Abad and Negron would be improper in this district. For a federal court to hear a case or controversy, venue must be proper for *each* claim. Boggs v. United States Secret Serv., 987 F. Supp. 11, 16 (D.D.C. 1997), quoting Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978); 15 Charles Alan Wright et al., Federal Practice and Procedure, § 3808 ("in a case in which multiple claims are joined, the venue must be proper for each claim"); see also Muhammad v. United States, 2006 U.S. Dist. LEXIS 60973 *2 (N.D. W.Va. 2006)(28 U.S.C. §1402(b)the FTCA venue statute, provides that venue in civil tort suits against the United States may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").

In the absence of authority authorizing this Court to make an independent determination as to the propriety of the transfer, the court would be hesitant to substitute its judgment on the question of venue for that of the District Court for the Northern District of Florida. However, in Hoffman v. Blaski, 363 U.S. 335 (1960) involving the transfer of a case under 28 U.S.C. §1404(a), the Court noted that principles of *res judicata* do not apply to transfer orders because they are interlocutory, not made upon the merits, and are entered by courts of coordinate jurisdiction. 363 U.S. at 340, n.9. In Ferri v. United Aircraft Corp., 357 F.Supp. 814 (D. Conn. 1973), the District Court for the District of Connecticut re-transferred a case which it received from the Southern District of Florida on the ground that the original transfer was improper. The court noted that the Supreme Court's decision in Blaski "holds that a district court to which an action has been improperly transferred should return the case..." Ferri, 357 F. Supp. at 816.

Accordingly, it is hereby **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Northern District of Florida, and that any motions pending at the time of transfer be carried with the case for consideration by the transferee Court.

It is further **ORDERED** that the Clerk of the Court close this case and remove it from the active docket.[9]

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record electronically.

DATED: October 16, 2014

>  */s/ Frederick P. Stamp, Jr.*
>  FREDERICK P. STAMP
>  UNITED STATES DISTRICT JUDGE

---

[9] The Court notes that although at the time she filed this complaint, plaintiff had yet to accumulate any strikes under the Prison Litigation Reform Act of 1996 ("PLRA"), an October 1, 2014 PACER review of the plaintiff's filings reveals that between August 21, 2012 and August 13, 2013, she filed seven Bivens and/or FTCA actions, four of which allege claims for this same right leg injury, and three others, an injury to her left middle finger. As noted *supra*, three of plaintiff's cases have since been dismissed for failure to state a claim upon which relief can be granted; she appealed one of those dismissals to the Fourth Circuit Court of Appeals, where it was affirmed, constituting a fourth strike under the PLRA. Accordingly, she is listed in the National *Pro Se* Three-Strikes Database as having accumulated four strikes.

Moreover, plaintiff's instant FTCA claims against the United States for the acts and/or omissions of MLP Abad and Dr. Negron are barred by the prior decision rendered in the Bivens action she brought the Northern District of Florida over the same injury to her leg, alleging that the same acts and/or omissions of Abad and Negron caused her damages. See Sanchez v. Felts, 867 F.Supp. 2d 813, 817 (S.D. W.Va. 2011) *aff'd.* Sanchez v. McLain, 474 Fed. Appx. 908 (4th Cir. 2012)(A judgment under the FTCA constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim. 28 U.S.C. §2676. Thus, if a plaintiff elects to pursue a remedy under the FTCA to judgment, he risks dismissal of any Bivens claim if the Bivens claim arises from the same subject matter and is against the same employee whose act or omission gave rise to the claim. This is true whether the FTCA claim is brought before or after the Bivens claim, and irrespective of whether the FTCA judgment is favorable to the plaintiff or the United States)(internal punctuation omitted).